1 Storlazzi Stipulation Bankruptcy Case # 17-17926/AMC

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Eric J. Storlazzi,<br>Debtor. | CHAPTER 13 |
| JPMorgan Chase Bank, National Association,<br>Movant,<br>v.<br>Eric J. Storlazzi,<br>Debtor, | BANKRUPTCY CASE NUMBER<br>17-17926/AMC<br><br>11 U.S.C. § 362 |
| William C. Miller, Trustee,<br>Additional Respondent. | |

### STIPULATION AND ORDER

AND NOW, in consideration of the mutual promises and agreements set forth below, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby stipulated and agreed to by and between the undersigned as follows:

1. This Stipulation shall govern all post-petition payments due and owing to Movant, including those that fall due after the arrears, as set forth below, are cured.

2. The post-petition arrearages on the mortgage held by Movant on Debtor's property at 412 Dalmas Avenue, Glenolden, PA 19036 (the "Property"), are $6,630.36. The breakdown of the arrears is as follows:

Post-Payments from April 1, 2018 to July 1, 2018 at $1,657.59 each = $6,630.36;

3. If Debtor provides proof of negotiated payments not already credited, they will receive credit for those payments.

4. Debtor shall cure the arrearages in the following manner:

(a) Movant shall apply $165.88 from Debtor Suspense to the arrearage balance;

(b) The balance of the arrears, to-wit, $6,464.48, shall be cured by the Debtor in six (6) consecutive payments commencing on August 1, 2018. The Debtor shall pay the sum of $1,077.41 for five (5) consecutive months. The Debtor shall pay the sixth (6th) and final payment of $1,077.43

2 Storlazzi Stipulation Bankruptcy Case # 17-17926/AMC

to cure the arrears on January 1, 2019; until the arrears are cured, together with the regular monthly mortgage payment.

(c) Debtor shall resume making the regular monthly mortgage payments on August 1, 2018 in the amount of $1,657.59, or as same may be adjusted from time to time in accordance with Paragraph (e);

(d) If funds are not received prior to the 16th of the month, then the payment shall include all applicable late charges;

(e) All payments to Movant are to be in CERTIFIED FUNDS, MONEY ORDER, or BANK CASHIER'S CHECK with the Loan No. written on the face thereof, and shall be made directly to Attention: BANKRUPTCY DEPARTMENT, JPMorgan Chase Bank, National Association, at 3415 Vision Drive, Columbus, Ohio 43219;

(f) Should Debtor's regular monthly payment amount change, Debtor shall be notified of such change, and the monthly payment amount due under the terms of the Stipulation shall change accordingly;

(g) All further payments will be applied to the arrears and/or monthly payments in the manner prescribed by the Mortgage and Note.

5. In the event that Debtor fails to make any of the payments set forth above, Movant shall notify Debtor and Debtor's attorney of the default in writing and Debtor may cure the default within 15 days of the notice. If the default continues to the following month, the Debtor shall include funds to cure that month's default as well. If Debtor should fail to cure the default within 15 days, Movant may file a Certification of Default with the Court, and upon the filing of the Certification, Debtor consents to the Court entering an Order granting Movant relief from the Automatic Stay.

6. In the event the instant bankruptcy case is converted to a case under Chapter 7, this shall constitute a default under the terms of this Stipulation. Debtor shall cure the pre-petition and post-petition arrears within ten (10) days from the date of conversion. Should the Debtor fail to cure

3 Storlazzi Stipulation Bankruptcy Case # 17-17926/AMC

the arrears within ten (10) days from the date of conversion, counsel for Movant may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the automatic stay as to the Property.

7. After Movant sends one (1) Notice of Default for Debtor's failure to remain post-petition current, then Movant may file a Certification of Default with the court instead of sending a second Notice of Default.

8. Debtor agrees that the Court may waive Rule 4001(a) (3), permitting Movant to immediately implement and enforce the Court's order.

The parties request that this Honorable Court approve this stipulation.

Dated: 7/27/18

Kevin S. Frankel, Esquire
Attorney for Movant

Dated: 7/27/18

Brad J. Sadek, Esquire
Attorney for Debtor

Dated: 7-30-18

JAC/C William C. Miller    No objection
Trustee

AND NOW, this _____ day of _____, 2018, it is hereby ORDERED that the foregoing Stipulation is approved, shall be, and is made an Order of this Court.

**Date: August 1, 2018**

BY THE COURT:

HONORABLE ASHELY M. CHAN
UNITED STATES BANKRUPTCY JUDGE